**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

APPLE INC.,

Plaintiff,

v.

TANGIBLE IP

Defendant.

Case No. 2:26-mc-00047-JNW

Pending in: The United States District Court for the Eastern District of Texas — No. 4:25-cv-00230

**APPLE INC.'S MOTION TO COMPEL TANGIBLE IP TO COMPLY WITH SUBPOENA**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7044 | Tel: 206.839.4800

**TABLE OF CONTENTS**

I. BACKGROUND ........................................ 2
A. The Underlying Action ........................................ 2
B. Tangible's Brokerage of the Wapp Portfolio ........................................ 2
C. Subpoenas and Responses ........................................ 3
II. LEGAL STANDARD ........................................ 6
III. ARGUMENT ........................................ 6
A. Tangible Possesses Relevant Information ........................................ 6
B. Wapp and Tangible's Objections Are Meritless ........................................ 8
IV. CONCLUSION ........................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4Web, Inc. v. NuVasive, Inc.*,
No. 24-cv-01021-JLS-MMP, 2025 WL 2881581 (S.D. Cal. Oct. 9, 2025)....8

*Atl. Thermoplastics Co. v. Faytex Corp.*,
5 F.3d 1477 (Fed. Cir. 1993)....7

*Bastida v. Nat'l Holdings Corp.*,
No. 16-cv-388, 2016 WL 6472648 (W.D. Wash. Oct. 31, 2016)....6

*Fernandez-Medina v. Olivarez*,
No. 3:20-cv-5703-RAJ-JRC, 2022 WL 4120167 (W.D. Wash. Sep. 9, 2022)....6

*Medimmune, LLC v. PDL BioPharma, Inc.*,
No. C08-05590 JF (HRL), 2010 WL 2640473 (N.D. Cal. June 30, 2010)....8

*Powertech Tech., Inc. v. Tessera, Inc.*,
No. C11–6121 CW, 2013 WL 3884254 (N.D. Cal. July 26, 2013)....8

*U.S. v. $160,066.98 from Bank of Am.*,
202 F.R.D. 624 (9th Cir. 2001)....9

*Wapp Tech Ltd. P'ship et al. v. Apple Inc. et al.*,
No. 4:25-cv-00230-ALM (E.D. Tex.).... *passim*

**Other Authorities**

Fed. R. Civ. P. 26....6

Pursuant to Federal Rules of Civil Procedure 45(d), 45(f), and 37(a), Plaintiff Apple Inc. ("Apple") hereby requests that this Court enter an order enforcing Apple's June 12, 2026 Subpoena to Testify at a Deposition on Tangible IP ("Tangible"), as amended on July 24, 2026. Tangible has refused to provide a witness to testify on the topics identified in Apple's subpoena for deposition. These topics are highly relevant to the lawsuit brought by Wapp Tech Limited Partnership and Wapp Tech Corp. in the Eastern District of Texas, accusing Apple of patent infringement. *Wapp Tech Ltd. P'ship et al. v. Apple Inc. et al.*, No. 4:25-cv-00230-ALM (E.D. Tex.) (the "Underlying Action").[1]

Although Wapp filed the Underlying Action against Apple in 2025, it first engaged with Apple regarding the patent portfolio at issue over a decade earlier. From 2011-2014, brokers hired by and acting on behalf of Wapp contacted Apple, attempting to sell Wapp's patent portfolio. The most prominent of those brokers was Tangible, which repeatedly contacted Apple (and, Apple has reason to believe, other prospective buyers), in an attempt to offload Wapp's patent portfolio.

These activities by Tangible are key to several core issues of the Underlying Action. First, Wapp asserts that these early outreaches by Tangible put Apple on notice of infringement and that, as a result, Apple should pay treble damages for willful infringement. Apple, conversely, has asserted that these early outreaches by Tangible, coupled with Wapp's decade-long delay in filing suit, give rise to equitable defenses such as equitable estoppel and implied waiver. Finally, offers made by Tangible to Apple and other prospective buyers are highly relevant to damages, which are based on the reasonable royalty Wapp would have received for its patents had the parties entered into a licensing agreement at the time the alleged infringement began.

[1] On July 23, 2026, the court in the Underlying Action granted Apple's Motion to Dismiss for improper venue, ordering that, in the interest of justice, the action shall be transferred to the Southern District of California. *See* Ex. 1 (Order Granting Motion to Dismiss) at 33. The court ordered that the action will be transferred twenty-one days following entry of the order. *See* Ex. 2. Therefore, the action currently remains pending in the Eastern District of Texas, but will be transferred to the Southern District of California on August 13, 2026.

Wapp has made the actions of Tangible central to key claims and defenses in the Underlying Action. Yet, Wapp has failed to provide key discovery regarding Tangible's activities on its behalf. And, Tangible indisputably has knowledge that no one at Wapp could have. This is because Wapp claims that no one at Wapp was personally involved in Tangible's communications with third parties. Furthermore, even though Wapp anticipated litigation against Apple since at least 2014, its agent Tangible did not take steps to preserve documents relating to communications with Apple or other sales and licensing targets. On the contrary, Tangible has represented that it has no documents responsive to Apple's subpoena *duces tecum* because it destroyed them in accordance with its document retention policy. Ex. 3 (Pls.' & Tangible's Objs. & Resps. To Def.'s Subpoena to Tangible to Testify at a Dep.) at 1–2. A deposition of Tangible is warranted and necessary in order to allow Apple to discover facts relating to these important issues. But Tangible, represented by the same counsel as Wapp, has refused to appear for deposition or produce documents pursuant to Apple's subpoenas. Tangible's objections are without merit. Apple therefore respectfully requests the Court enforce Apple's subpoena.

## I. BACKGROUND

### A. The Underlying Action

Wapp alleges that certain of Apple's mobile application development tools infringe five of Wapp's patents (the "Asserted Patents"). *See generally* Ex. 4 (First Am. Compl.). The Asserted Patents are part of the same patent family, which also includes several earlier-issued patents (all collectively, the "Wapp Portfolio"). Donavan Poulin, the sole named inventor on each patent in the Wapp Portfolio, is Wapp's owner and sole employee.

### B. Tangible's Brokerage of the Wapp Portfolio

Wapp has alleged that Apple was put on notice of its patent portfolio and is therefore subject to enhanced damages for willful infringement, based on outreaches made by "persons

representing Wapp" between 2011 and 2014. *See id.* ¶ 235, 238.[2] The 2014 outreaches were primarily conducted by Tangible and its principal, Louis Carbonneau.

Mr. Carbonneau contacted Apple multiple times during 2014 regarding Wapp's portfolio. In one document he made available to Apple, he noted that the "Pricing Guidance" for the portfolio was "US$15M to $25M." Ex. 5 (APL-WAPP-230-00019107) at 1.[3] In subsequent correspondence, Mr. Carbonneau indicated that Tangible was engaging other unidentified prospective buyers. *See* Ex. 6 (APL-WAPP-230-00019252) (portfolio "is getting a lot of traction"); Ex. 7 (APL-WAPP-230-00019236) (portfolio "has received a lot of interest so far"); Ex. 8 (APL-WAPP-230-00019215) (stating that "several parties" had requested a deadline extension). Apple ultimately passed on the acquisition proposal. *Id.*

### C. Subpoenas and Responses

Apple issued a subpoena *duces tecum* and subpoena *ad testificandum* to Tangible on June 12, 2026. Ex. 9 (Original Subpoena). The subpoena *ad testificandum* seeks deposition testimony from Tangible on the following topics:

| Topic | Request |
|---|---|
| 1 | The documents produced by You pursuant to the Requests for Documents served concurrently herewith, including the business record and/or authenticity foundation for any such documents. |
| 2 | All efforts to buy, sell, or license any of patent or patent application in the Wapp Patent Portfolio, and all efforts to negotiate covenants not to sue, settlement agreements, or other agreements conferring any rights to license or practice any claim of any patent or application in the Wapp Patent Portfolio or releasing liability for alleged infringement of such claim(s). |
| 3 | Allegations, investigations, or assessments by or behalf of Wapp or Donavan Poulin of infringement by any third party, including but not limited to Apple, of any patent or patent application in the Wapp Patent Portfolio. |

[2] The outreach efforts in 2011 were made by a different patent broker, which Apple has separately subpoenaed.

[3] Exhibit 5 refers to the patents as the "KIWI Portfolio." KIWI was a prior owner of the Wapp Portfolio, and even following Wapp's acquisition of the patents, the Wapp Portfolio was often still referred to as the "KIWI" portfolio.

| Topic | Request |
|---|---|
| 4 | Communications with Wapp, Donavan Poulin, [former Wapp president] John Lowe, or their representatives or agents. |
| 5 | Materials and communications prepared for or exchanged with Wapp, Donavan Poulin, John Lowe, or their representatives or agents. |
| 6 | Valuation of any patent or patent application in the Wapp Patent Portfolio or valuation of any license to, covenant not to sue on, or release from liability for alleged infringement of any such patent or patent application. |
| 7 | Communications relating to any patent or patent application in the Wapp Patent Portfolio, including but not limited to communications with any prospective target, licensee, or purchaser. |
| 8 | Communications concerning the negotiation of any agreement relating to any patent or patent application in the Wapp Patent Portfolio, including the initiation of discussions, requests or offers to negotiate, proposals, counterproposals, and the progression of terms. |
| 9 | Drafts of any agreement relating to any patent or patent application in the Wapp Patent Portfolio, including working drafts, redlines, markups, comparisons, and associated comments or annotations, together with all transmittal emails or messages and attachments. |
| 10 | Agreements relating to any patent or patent application in the Wapp Patent Portfolio and any amendments, waivers, consents, side letters, or related agreements, together with execution versions circulated during closing. |
| 11 | Any patent licensing or sales strategy or policies of Wapp, Donavan Poulin, or John Lowe. |
| 12 | Communications relating to any patent or patent application in the Wapp Patent Portfolio exchanged with any third party, including Apple. |
| 13 | Communications exchanged with any third party, including Apple, on behalf of Wapp, Donavan Poulin, or John Lowe. |
| 14 | Any actions taken by You to sell or license any patent or patent application in the Wapp Patent Portfolio via any intellectual property cooperative, aggregator, or marketplace, including but not limited to Allied Security Trust and RPX Corporation, including any posting by You on any website of any intellectual property cooperative, aggregator, or marketplace related to the Wapp Patent Portfolio. |
| 15 | Your authorization to act as an agent or representative of Wapp and/or Donavan Poulin with respect to the Wapp Patent Portfolio. |

On June 24, Heim, Payne & Chorush LLP ("HPC"), counsel for Wapp in the Underlying Action, informed Apple that it represented Tangible for purposes of responding to the subpoena and accepted service on behalf of Tangible. Ex. 10 (June 24 Email from Carlos Ruiz). On June 26, 2026, HPC served joint responses and objections on behalf of Tangible and Wapp. Ex. 3. The objections did not identify any facial deficiencies with the subpoena or object to service. As to

Topic 1, Wapp and Tangible objected that Tangible "has no non-privileged documents in its possession, custody, or control." *Id.* at 6–7.[4] Wapp and Tangible objected to every other topic "as unduly burdensome" for seeking "testimony on information that is at least 10 years old" and on the basis that "[a]ny and all nonprivileged information (if any) responsive to this Topic for Examination should come from Wapp." *Id.* at 7–17.

The parties met and conferred on Tangible and Wapp's objections on July 9, but no final resolution was reached. On July 14-16, Apple deposed Donavan Poulin. Mr. Poulin is Wapp's principal and was Mr. Carbonneau's primary contact at Wapp. However, there was highly relevant information that Mr. Poulin was unable to provide about Wapp's relationships and communications with Tangible and Tangible's activities in contacting potential buyers or licensees of the Wapp Portfolio. Moreover, in a number of instances, Mr. Poulin provided testimony that is not consistent with the little documentary evidence available.[5]

Accordingly, Apple reaffirmed on July 21 that a deposition of Mr. Carbonneau would be necessary. Ex. 11 (email exchange). Wapp and Tangible responded by claiming that they would not make Mr. Carbonneau available for deposition because he has "almost no recollection of what happened." *Id.* They also interposed a new objection, not contained in their Responses and Objections, that the subpoena was facially deficient for stating a place of compliance of "via Zoom or at a mutually agreeable location in Seattle, WA." Although this objection was without merit, Apple amended the subpoena to identify 701 Fifth Avenue, Suite 6900, Seattle, WA 98104-7029 as the place of compliance. Ex. 12 (amended subpoena). Counsel met and conferred about the subpoenas to Tangible again on July 30. As part of this process, Apple proposed a compromise in which the deposition would be limited to a half-day at a time convenient for Tangible's principal, Mr. Carbonneau, who Apple understands will be Tangible's representative for any deposition

---

[4] Apple has asked Tangible and Wapp to identify the steps they took to preserve Tangible's relevant documents. Tangible and Wapp have refused to provide a response.

[5] Wapp has designated the transcript of Mr. Poulin's deposition CONFIDENTIAL – ATTORNEY'S EYES ONLY. Upon the Court's request and subject to a protective order, Apple would be happy to provide the relevant portions of the transcript to the Court.

ordered or agreed to. Ex. 13. Tangible rejected this proposal. *Id.* Accordingly, Apple filed the instant motion.[6]

## II. LEGAL STANDARD

The scope of discovery through a Rule 45 subpoena is governed by Fed. R. Civ. P. 26(d). *See Fernandez-Medina v. Olivarez*, No. 3:20-cv-5703-RAJ-JRC, 2022 WL 4120167, at *1 (W.D. Wash. Sep. 9, 2022) ("These general discovery limitations apply with equal force to subpoenas to third parties.") (citation omitted). Apple is allowed to conduct discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); see also *Bastida v. Nat'l Holdings Corp.*, No. 16-cv-388, 2016 WL 6472648, at *1 (W.D. Wash. Oct. 31, 2016) ("parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense" and "[d]uring discovery, a party may subpoena a non-party to attend a deposition").

## III. ARGUMENT

### A. Tangible Possesses Relevant Information

Tangible was central to Wapp's efforts to sell or license the Wapp Portfolio and is the source of these communications that Wapp claims put Apple on notice of infringement. As a result, Tangible possesses highly relevant information that Apple has been unable to obtain through Wapp.

Wapp has alleged that Apple was placed on notice of its alleged infringement of Wapp's patents in 2011-2014, when "Apple was contacted on multiple occasions by persons representing Wapp between 2011 through 2014 regarding Wapp's patent portfolio." Ex. 4 ¶¶ 235, 254, 273, 292, 311. Wapp alleges that, because of these contacts, "Apple's infringement of the '192 Patent is deliberate and willful. Apple's prior and continued infringement is deliberate, wanton and egregious, with reckless disregard for Plaintiffs' patent rights. This is therefore an exceptional case

[6] Shortly before this Motion was filed, Tangible IP served additional Objections and Responses, raising new objections not asserted during the parties' meet and confers. *See* Ex. 14. These objections are without merit.

warranting an award of enhanced damages and attorneys' fees pursuant to 35 U.S.C. §§ 284-285." *Id.* ¶¶ 238, 257, 276, 295, 314. Thus, Tangible's efforts and communications form the crux of Wapp's assertion that it is entitled to treble damages in the Underlying Action. Accordingly, Apple must be able to explore and test them. Apple cannot obtain this information from other sources, especially due to the passage of time between this outreach and the filing of the Underlying Action in 2025. Mr. Poulin was not personally involved in these exchanges. While Apple has searched its records for and produced the correspondence with Tangible it could locate, the primary individuals at Apple who communicated with Tangible are no longer at the company.

While serving as Wapp's patent broker, Tangible was working as a representative of Wapp. *See* Ex. 4 ¶¶ 235, 254, 273, 292, 311. In that capacity, Tangible advertised pricing of the portfolio, and engaged with an unknown set of potential purchases, including some who had purportedly expressed "interest." Ex. 6; Ex. 7; Ex. 8. At present, Apple does not know what other potential purchasers were contacted or what information and offers were exchanged. That information is directly relevant to Wapp's valuation of the Wapp Portfolio, which may impact the proper calculation of a reasonable royalty. *See, e.g.*, *Atl. Thermoplastics Co. v. Faytex Corp.*, 5 F.3d 1477, 1482 (Fed. Cir. 1993) (affirming reasonable royalty based on patentee's prior royalty offer to a third party). Mr. Poulin was not personally involved in Tangible's outreach to potential licensees or purchasers. As a result, Tangible and Mr. Carbonneau were privy to information and events that he and Wapp were not. A deposition of Tangible is thus necessary to obtain this information.

Additionally, Mr. Carbonneau's testimony is relevant to the resolution of factual disputes between the parties. For example, as set out above, documentary evidence indicates that Tangible, as an agent of Wapp, represented that the Wapp Portfolio was available for purchase for $15-25M. Ex. 5 at 1. Yet Wapp disputes this. Mr. Carbonneau's testimony as to why those ranges were included in materials sent by him is highly relevant to the resolution of the factual disputes that remain regarding the patent purchase and licensing related activities Tangible undertook for Wapp.

Finally, a deposition is necessary in order to investigate Tangible's understanding of its obligations and its efforts to preserve relevant documents in its possession. Tangible and Wapp

have claimed that, despite Wapp anticipating litigation against Apple since at least 2014, all relevant documents in the possession of Tangible have been destroyed pursuant to Tangible's two-year document retention policy. Ex. 3 at 1–2. But, Tangible and Wapp have refused Apple's request to provide information about the circumstances of their destruction or efforts to preserve them.

**B. Wapp and Tangible's Objections Are Meritless**

Wapp and Tangible have lodged a number of objections, centering on Mr. Carbonneau's claimed lack of recollection of the underlying facts, and a claimed burden on Mr. Carbonneau to sit for deposition as a third party. Ex. 11; Ex. 3 at 7–17.

Each of Wapp and Tangible's arguments have been roundly rejected by courts under analogous circumstances. The *In re Rainwater* decision is particularly instructive. *See* No. 1:18-MC-10051-EJL, 2018 WL 2088736 (D. Idaho May 4, 2018). There, Rainwater, a former agent of one of the plaintiffs in the underlying action, sought to quash the defendants' deposition subpoena based on many of the same arguments raised by Wapp and Tangible here. The subpoena at issue sought testimony from Rainwater about matters that were over a decade old, and Rainwater argued that "his knowledge relat[ing] to the subject matter of [the underlying lawsuit] is 'very limited.'" *Id.* at *4. The Court rejected that argument as a basis for quashing the subpoena, noting that the fact that "Mr. Rainwater may not remember the particulars … does not change the fact that the information sought from him remains relevant and material to the parties' respective positions." *Id.* at *2. The court concluded that the defendants were "permitted to explore the boundaries of that knowledge—even if limited," and that "even if true, Mr. Rainwater's complete lack of knowledge remains pertinent to [d]efendants' defenses … and [d]efendants are entitled to obtain such evidence." *Id.* at *2 n.4. Were it otherwise, the court correctly recognized, "an individual could avoid being deposed simply by stating that he has no knowledge about the subject-matter of the at-issue litigation." *Id.* at *2 n.5. Other courts have agreed that "[a] claimed lack of knowledge, by itself, is insufficient to preclude a deposition." *4Web, Inc. v. NuVasive, Inc.*, No. 24-cv-01021-JLS-MMP, 2025 WL 2881581, at *4 (S.D. Cal. Oct. 9, 2025) (citation omitted); *Powertech Tech.,*

*Inc. v. Tessera, Inc.*, No. C11–6121 CW, 2013 WL 3884254, at *1 (N.D. Cal. July 26, 2013); *Medimmune, LLC v. PDL BioPharma, Inc.*, No. C08-05590 JF (HRL), 2010 WL 2640473, at *1 (N.D. Cal. June 30, 2010).

Just as in *Rainwater*, Tangible cannot evade a deposition just because Mr. Carbonneau's recollection of the relevant events from ten years ago is supposedly "limited." First, this timing is a direct result of Wapp's failure to file suit against Apple within a reasonable time after Wapp purportedly formed the belief that Apple infringes its patents. Second, Apple is entitled to explore the limits of his recollection, including by showing him documents which may refresh that recollection. And, just as in *Rainwater*, even if Mr. Carbonneau has no recollection at all about his representation of Wapp, that too would be relevant: it would reflect prejudice to Apple attributable to Wapp's ten-year delay in bringing suit. And even then, Mr. Carbonneau should at a minimum be able to provide relevant testimony about his general practices for making, receiving, and communicating offers for sale.

Wapp and Tangible's argument that a deposition would impose a burden on Mr. Carbonneau as a third party also fails, and *Rainwater* is once again instructive. As that court correctly noted, "a burden alone is not enough to quash a subpoena; instead, Rule 45 requires that the burden be 'undue.'" 2018 WL 2088736, at *3 (citing *U.S. v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 628 (9th Cir. 2001) ("'Undue' burden requires parties to show more than expense or difficulty."). The court noted that there was no indication that the deposition was intended to harass given the defendant's flexibility on the subpoena date, and that "there is no indication that, by preparing for and attending his deposition, Mr. Rainwater cannot still tend to his current responsibilities." *Id.* Likewise, Apple has been willing to work with Tangible on a date acceptable to all parties and has agreed to shorten the deposition to a half-day; there is no indication that this would prevent Mr. Carbonneau from fulfilling his duties (which appear to be solely his work for himself as the principal of Tangible).

The court in *Rainwater* also recognized that the heightened protections afforded third-parties are a sliding scale and have less bite when the witness was an "integral" part of the

underlying dispute, as opposed to "non-party witnesses whose conduct does not directly contribute to the issues at play." Here, Mr. Carbonneau is much more so the former. While not a W2 Wapp employee, he was retained by Wapp as its agent to do work directly bearing on the patent portfolio at issue in the Underlying Action. He was the primary link between the parties during a period which is relevant to both parties' claims and defenses. He is, in every conceivable sense, an "integral" part of the Underlying Action.

## IV. CONCLUSION

For the foregoing reasons, Tangible should be compelled to provide a witness to attend a deposition in compliance with Apple's subpoena.

Dated: July 31, 2026

Respectfully submitted,

s/*Anthony Todaro*
Anthony Todaro (WSBA No. 30391)
Anthony.todaro@us.dlapiper.com
DLA PIPER
701 Fifth Avenue Suite 6900
Seattle, Washington 98104
Tel.: (206) 839-4800

Brianne Bharkhda Sullivan (*pro hac vice pending*)
John Veiszlemlein (*pro hac vice pending*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
bsullivan@cov.com
jveiszlemlein@cov.com

*Attorneys for Apple Inc.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that, in the manner described above and on the dates listed above, counsel for Apple Inc. and Tangible IP met and conferred on the subject of Apple Inc.'s motion to compel and the parties cannot reach a resolution of the disputes.

s/ *Anthony Todaro*
Anthony Todaro